IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCIO TORRES,

      Petitioner,

v.                                                                                        CIV 02-1356 JB/LAM

JOE WILLIAMS, Warden AND
PATRICIA MADRID, Attorney General
of New Mexico,

      Respondents.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner Lucio Torres' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 *(Doc. 1)* and Respondent's Answer, Motion to Dismiss, and Memorandum in Support of Motion to Dismiss *(Docs. 13, 14, 15)*. Because Torres filed this § 2254 action after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations contained therein applies. Pursuant to 28 U.S.C. § 2244(d)(1), the limitations period runs "from the latest" of four possible periods: (1) the date the conviction became final; (2) the date an unconstitutional state impediment to filing the action is removed; (3) the date the United States Supreme Court recognizes that a new constitutional rule applies retroactively to cases on collateral review; or (4) the date on which the factual predicate of

---

[1]The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve **written objections** with the Clerk of the U.S. District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

the claim or claims presented could have been discovered through the exercise of due diligence.  Only the date of "conviction" is implicated here.  **Because the petition is untimely, I recommend that Respondent's motion be granted and the petition be dismissed as time-barred.**

### I.  Torres' Conviction Became "Final" on May 16, 2001

In March 1999, Torres was sentenced to sixteen years imprisonment after a jury found him guilty of attempted murder in the first degree, assault with a deadly weapon, and assault with intent to commit a felony.  The jury also returned a special verdict finding that a firearm was used in the commission of the crimes.  *Answer, Exh. A*.[2]  On direct appeal, the New Mexico Court of Appeals affirmed two of the convictions while reversing the third.  *Answer, Exh. Q*.  On March 29, 2001, Torres sought review of the New Mexico Court of Appeals decision by writ of *certiorari* to the New Mexico Supreme Court.  *Answer, Exh. R*.  The writ was denied and a mandate issued on May 16, 2001.  *Answer, Exhs. T and U*.

Although Torres did not seek a writ of *certiorari* to the United States Supreme Court, United States Circuit Courts of Appeal allow petitioners the ninety-day period in which they might have sought review in the United States Supreme Court.  *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Adding the ninety days to the date when the conviction became final (May 16, 2001), the one-year limitations period began to run on August 14, 2001.  Thus, absent tolling, the federal petition would have been due on August 13, 2002.

### II. With Tolling For Post-Conviction Proceeding,<br> Federal Petition Was Due August 22, 2002

Under 28 U.S.C. § 2244(d)(2), a "properly filed application for State post-conviction or collateral review" tolls the limitations period.  Petitioner Torres pursued state habeas relief during the

---

[2]Unless otherwise noted, all citations to exhibits are those attached to Respondent's Answer.

limitations period. On May 28, 2002, Torres filed a petition for writ of habeas corpus in the Ninth Judicial District Court. *Answer, Exh. W.* The court summarily dismissed Torres' writ on June 6, 2002, thereby tolling the limitations period for nine days. *Answer, Exh. X.* Adding the nine days brings the federal petition due date to August 22, 2002.

On July 25, 2002, Torres filed a petition asking for review of that decision in the New Mexico Supreme Court by writ of *certiorari*, but failed to file within the thirty-day time limit (petition was due July 6, 2002) so the Supreme Court rejected the petition. *Answer, Exh. Y.* Torres would have been eligible for an additional thirty days of tolling the limitations period while appealing the District Court's ruling,[3] but is ineligible due to the lack of a "properly filed application" under 28 U.S.C. § 2244(d)(2). Even if granted the additional thirty days, it would advance the federal petition due date only to September 23, 2002, and Torres filed on October 25, 2002.

Torres signed his federal petition on October 18, 2002, which was filed by the clerk on October 25, 2002 *(Doc. 1).* Thus, even allowing the extra seven days pursuant to the "mailbox rule" of *Houston v. Lack* and assuming he placed the petition in the prison mail system on the date he signed it, the federal action was filed at least one month past the expiration of the limitations period.[4]

Noncompliance with the statute of limitations can be excused if Petitioner establishes grounds for equitable tolling or actual innocence. *E.g., Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). However, equitable tolling is only available in "rare and exceptional

---

[3]*See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law"); N.M.R. Crim.P. 502(G)(2) ("within thirty . . . days after the district court's decision . . . if the writ is denied, a petition for certiorari may be filed with the Supreme Court").

[4]*Houston v. Lack*, 487 U.S. 266 (1988) ("in the unique circumstances of a *pro se* prisoner . . . filing occurs at the moment of delivery to prison officials").

circumstances." *Gibson*, 232 F.3d at 808.  And it is "well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 121 S. Ct. 1195 (2001); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998).  On the record before me, I find no basis for equitable tolling.

**WHEREFORE, IT IS HEREBY RECOMMENDED** that the Respondent's Motion to Dismiss be **GRANTED,** Petitioner's Petition for Writ of *Habeas Corpus*  be **DENIED** and his petition be **dismissed with prejudice** as being untimely.

*Lourdes A. Martinez*
UNITED STATES MAGISTRATE JUDGE